IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| WANDA JEAN GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2726-N-BN |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, ET | § | |
| AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This action filed by a plaintiff proceeding *pro se*, and transferred from the Fort

Worth Division to this division, has been referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from United States District Judge David C. Godbey. The

undersigned enters these findings of fact, conclusions of law, and recommendation

that, for the reasons explained below, the Court should dismiss the amended complaint

– and thus this action – with prejudice for Plaintiff Wanda Jean Garrett's failure to

state a claim on which relief may be granted.

**Applicable Background**

Prior to transferring this action to the Dallas Division, United States Magistrate

Judge Jeffrey L. Cureton granted Garrett leave to proceed *in forma pauperis* ("IFP").

*See* Dkt. No. 5. And, after Garrett's arrival in this division, the undersigned, on

October 16, 2018, entered an Order and Notice of Deficiency [Dkt. No. 9] (the "NOD")

noting that

> [t]he complaint presently submitted is subject to summary dismissal for failure to comply with the applicable pleading standards – Plaintiff Wanda Jean Garrett's various claims – labeled as allegations – merely state legal conclusions. *See, e.g.,* Dkt. No. 1 at 3 ("Allegation Number 2. The Defendants are in serious violation of Federal Truth Lending Housing Laws in a discriminatory and bias way.... Allegation Number 3. The Defendants have violated federal law in refusing to properly take care of Plaintiff's Housing Refinancing Process.").

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

To remedy this deficiency, attached to this order is a form Complaint for a Civil Case, which Garrett must complete, date and sign, and return to the Court no later than **November 15, 2018**. And failure to follow these instructions will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court. *See* FED. R. CIV. P. 41(b).

In preparing an amended complaint, the Court advises Garrett that, while she has named the U.S. Department of a Justice ("DOJ") as a defendant, the DOJ, as an agency of the United States, enjoys the same sovereign immunity as the United States. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Garland v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2005 WL 910605, at *2 (N.D. Tex. Apr. 20, 2005) ("United States agencies and officers are also protected by sovereign immunity." (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990))).

And, while an action may be brought "against the United States [under the Federal Torts Claims Act ("FTCA")] for money damages for personal injury caused by the negligent or wrongful acts or omissions of

any federal employee while acting within the scope of his office or employment," *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)), "[s]ince a suit under the FTCA constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed," *Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)), *rec. adopted*, 2010 WL 1730786 (N.D. Tex. Apr. 27, 2010).

These provisions include *proper* exhaustion of administrative remedies, which begins by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see, e.g., McGraw v. Mejia*, No. 3:13-cv-740-L, 2015 WL 569002, at *5 (N.D. Tex. Feb. 11, 2015) ("Because the Amended Complaint only mentions Plaintiffs' attempts to exhaust the BOP's grievance procedure, which the Fifth Circuit has recognized as a separate and distinct procedure from that required by the FTCA, Plaintiffs have failed to satisfy the notice requirement under the FTCA. Accordingly, the court lacks jurisdiction over Plaintiffs' claims [under that statute]." (collecting cases)); *see also Barber v. United States*, 642 F. App'x 411, 415 n.3 (5th Cir. 2016) (per curiam) (concluding that the holding in *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), "that the FTCA's statute of limitations was 'non-jurisdictional and subject to equitable tolling' ... has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement" (quoting *Wong*, 135 S. Ct. at 1638)).

So, if a plaintiff fails to carry her burden to show that the United States has waived its sovereign immunity as to her claims against the United States or an agency of the United States, this Court lacks jurisdiction over those claims, and they should be dismissed without prejudice.

Dkt. No. 9 at 1-4.

Garrett filed an amended complaint on October 25, 2018. *See* Dkt. No. 10.

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual*

allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend [her] complaint before it is dismissed.' ... Granting leave to amend, however, is not required

if the plaintiff has already pleaded her 'best case.' A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint. [And a] plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

### Analysis

Through the amended complaint, Garrett attempts to add six other plaintiffs – none of whom signed that complaint – and switches up her defendants, including dropping the DOJ as a defendant. *See* Dkt. No. 10 at 2-4 & 7. But the amended complaint contains less factual allegations than the initial one, and Garrett's claim in full is "Business Discrimination & Bank Fraud & Deception." *Id.* at 6.

Initially, because a party "may proceed in federal court only *pro se* or through counsel," *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) (citing 28 U.S.C. § 1654), and because Garrett is not an attorney and thus is not capable of representing the plaintiffs she purports to add in her amended complaint, this lawsuit remains Garrett's alone against the named defendants. And, although her claims should be dismissed for the reasons explained below, Garrett's adding the plaintiffs named in her amended complaint does not bind those parties in any way. *Cf. Oliver v. Trial Court Judges*, No. 3:15-cv-2962-P-BN, 2015 WL 6438477, at *3 (N.D. Tex. Sept. 15, 2015) ("Oliver, as a *pro se* prisoner, has 'neither the authority to

represent anyone but [himself] nor the competence to protect the interests of other prisoners.' As such, it would be unfair to hold the remaining Plaintiffs accountable as part of Oliver's clearly frivolous complaint." (quoting *Henderson v. Jamison*, No. C10-5802 RBL/KLS, 2011 WL 690616, at *2 (W.D. Wash. Jan. 31, 2011), *rec. adopted*, 2011 WL 690573 (W.D. Wash. Feb. 18, 2011))), *rec. accepted*, 2015 WL 6460030 (N.D. Tex. Oct. 21, 2015).

Turning to the substance of the amended complaint, Garrett fails to "plead facts sufficient to show that" her claims have "substantive plausibility," *Johnson*, 135 S. Ct. at 347, and thus allow the Court "to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679. And, because the NOD previously apprised her of this pleading deficiency, Garrett, by filing a similarly deficient amended complaint, has now pleaded her best case. The Court should therefore dismiss her claims with prejudice for her continued failure to state a claim on which relief may be granted.

## Recommendation

The Court should dismiss Plaintiff Wanda Jean Garrett's amended complaint [Dkt. No. 10] – and thus her action – with prejudice for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE